**ELECTRONICALLY FILED**

SOUTH BAY LAW FIRM
MICHAEL D. GOOD (SBN 176033)
21535 Hawthorne Blvd., Suite 210
Torrance, California 90503
Telephone:   (310) 373-2075
Facsimile:    (310) 356-3229
mgood@southbaylawfirm.com

[Proposed] Counsel for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

Renaissance Surgical Arts at Newport Harbor, LLC,

Debtor in Possession.

Case No.    8:11-bk-19749-SC

Chapter 11

**DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

**Original Hearing Date**

Date:    August 10, 2011
Time:    11:00 a.m.
Place:   Courtroom "5C"
         411 W. Fourth Street
         Santa Ana, CA

**Continued Hearing Date**

Date:    September 22, 2011
Time:    10:00 a.m.
Place:   Courtroom "5C"
         411 W. Fourth Street
         Santa Ana, CA

///

///

PRINTED ON
RECYCLED PAPER

DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)

## I. INTRODUCTION

Renaissance Surgical Arts at Newport Harbor, LLC ("Renaissance") hereby submits its supplemental reply brief[1] in support of its previously-filed "Emergency Motion Excusing Performance Of Obligations Arising Under 11 U.S.C. § 365(d)(3)."

## II. RENAISSANCE'S EXCUSE FROM PROMPT PERFORMANCE UNDER SECTION 365(d)(3) IS BASED ON ADEQUATE "CAUSE".

Bankruptcy Code Section 365(d)(3) provides:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period.

11 U.S.C. § 365(d)(3). The case law is unfortunately very sparse regarding the factors constituting "cause" under this particular section. However, the statute's legislative history provides some further guidance:

> For cause the court can extend the time for performance of obligations due during the first 60 days after the order for relief, but not beyond the end of such 60-day period. At the end of this period, the amounts due during the first 60 days would be required to be paid, and thereafter, all obligations must be performed on time. **This permissible 60-day grace period is intended to give the trustee time to determine what lease obligations the debtor has and to locate the cash to make the required payments in exceptionally large or complicated cases**.

130 Cong. Rec. S8894-95, reprinted in 1984 D.S.C.C.A.N. 567, 598-601 (remarks of Sen. Orrin Hatch) (emphasis supplied). At argument, this Court requested further briefing on these standards, and specifically requested any discussion of case law relative to the impact of guarantees

---

[1] By Stipulation and Order (*see* Docket Entry No's 69 and 70), opposition to Renaissance's request was due September 12, 2011. Renaissance did not receive a copy via the Court's ECF system until September 15, 2011.

- 2 -   **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

held by a landlord with respect to the leasehold obligations. Renaissance's research has revealed no such case law specifically on point; however, the impact of guarantees is discussed below in light of the standards set forth in the statutory history.

### A. **Renaissance's Case Is Sufficiently Large.**

Renaissance's Chapter 11, though not a "mega-case," is nevertheless sufficiently large to warrant excuse from adequate performance during the initial, interim 60-day period. Renaissance's case involves approximately 230 creditors, multiple equipment leases, and significant numbers of co-debtor guarantors, many of which are also significant contributors to Renaissance's ongoing business generation. *See* Renaissance's preliminary Schedules "A" – "G" [Docket Entry No's 84 – 91]. In addition, a Committee of Unsecured Creditors has only very recently been appointed. [Docket Entry No. 63]. Renaissance therefore has had to address a number of significant constituencies of creditors and interested parties, each with their own concerns and demands.

### B. **Renaissance's Case Is Sufficiently Complex.**

As earlier attested to by Renaissance's principal (see, in particular, the Declaration of Bruce Wallace submitted in support of Renaissance's "Omnibus Emergency Motion" [Docket Entry No. 25]), a significant portion of Renaissance's initial weeks in Chapter 11 were spent constructing a preliminary working budget. Docket Entry No. 25 at ¶ 17. However, because management inherited books and records which were effectively in need of complete reconstruction (*Id.*), it was impossible for Renaissance's management to budget its initial 13-week cash flow with confidence. As a result, it was necessary for Renaissance to take the "60-day grace period . . . to determine what lease obligations the debtor has and to locate the cash to make the required payments." In addition to assessing its own cash resources, Renaissance faced an immediate and pressing need for additional post-petition capital and, to that end, obtained Court approval for post-petition funding from doctors and other financing sources.

Further exacerbating the complexity of Renaissance's financial reconstruction and search for cash was the circular relationship between Renaissance's secured creditors (specifically,

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

- 3 -    **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

Plaza Bank ("Plaza Bank") and Wells Fargo Equipment Finance, Inc. ("Wells Fargo")) and its co-debtor guarantors, many of whom – as noted – are significant business contributors to Renaissance's business, and some of whom – like Pacific Medical Plaza, L.P. ("Pacific") – are also creditors. Renaissance is advised that Pacific does not hold personal guarantees with respect to the lease; however, it is also advised that Pacific's principal, Mr. Joe Brown, and related business entities, personally guarantee certain obligations of Renaissance.

In its initial cash collateral budget [Docket Entry No. 25 at Ex. "7"], Renaissance proposed to alleviate some of the pressure on its guarantors by providing some payments to Plaza Bank and Wells Fargo beyond those to which such creditors might be entitled under ordinary "adequate protection" arrangements. To do so, Renaissance sought a temporary reprieve from its September rental obligations to Pacific while it endeavored to direct at least some payments toward Plaza Bank and Wells Fargo.

Renaissance recognizes its obligations to perform under its leases to Pacific; however, it believes the realities of its cash position immediately after case commencement, combined with its need to locate post-petition funding sources, and its need to preserve the ongoing viability of its business operations through doing whatever possible to indirectly protect the interests of physician-guarantors, provide "cause" for a brief, 60-day reprieve from post-order-for-relief rent, and together meet the intent of the drafters as evidenced in the statute's legislative history.

### III. RENAISSANCE WILL BE IN "SUBSTANTIAL COMPLIANCE" WITH THE STATUTE BY MEETING ITS PERFORMANCE OBLIGATIONS WITHIN 60 DAYS OF THE ORDER FOR RELIEF.

The only post-order-for-relief obligation accruing under either of Pacific's leases is Renaissance's September payment, due as of September 1. Renaissance plans to make both September payments by September 29, 2011. The October payments will be made not later than October 6, 2011. Under its leases, Pacific assesses late charges for payments made after 5 days from the date rent is due. *See* Pacific's respective Motions for Relief from Stay [Docket Entry No's. 16 and 17] at Exhibit "A," at ¶ 13.4. Consequently, Renaissance's proposed payments are in

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

- 4 -   **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

compliance with the lease terms, and with the statute's 60-day limits for relief.

Though the statute requires performance within 60 days, the case law indicates that Bankruptcy Courts are vested with broad discretion to determine what constitutes "substantial compliance" for these purposes. The equitable approach to this question is well-illustrated in *In re J.J. Mellon's, Inc.*, 57 B.R. 437, 437-38 (Bankr. D.D.C. 1985), a decision involving the debtor's effort to tender a promissory note *in lieu* of monthly administrative rent. Though the Bankruptcy Court refused to sanction the debtor's offer, it nevertheless outlined a broad, equitable approach in applying Section 365(d)(3) (then codified as Section 365(*c*)(3)), and offered some alternative suggestions as to how the debtor might "substantially comply":

> [I]t appears that the issue before the Court is whether payment of "administrative rent" under 11 U.S.C. § 365(c)(3) by means of the Debtor's unsecured promissory note rather than by check or cash constitutes substantial compliance with the statutory mandate that the debtor-in-possession "timely perform" all post-petition lease obligations, having in mind the statutory prohibition that "the time for performance shall not be extended beyond" the 60-day period beginning on the date the voluntary petition is filed. 11 U.S.C. § 365(c)(3)
>
> . . . .
>
> In this case the petition was filed on July 15, 1985. Therefore the 60-day period expired on September 13, 1985. Three days later the Debtor tendered the promissory note at issue here. The Landlord has made no point about the three-day delay, and this Court has no hesitation in concluding, despite the seemingly inflexible statutory language, that tender three days late constitutes substantial compliance which equity will permit in order to avoid lease forfeiture. The 60-day period is not a statute of limitations.
>
> . . . .
>
> Here, however, the tender which was made was not of the rent itself, but of the Debtor's unsecured promissory note. This Court cannot accept such a tender as being in substantial compliance with the statutory directive. Only if the Debtor were to provide the most indubitable equivalent of the rent itself would this Court be persuaded. See 11 U.S.C. § 361(3); *In re Murel Holding Co.*, 75 F.2d 941, 942 (2d Cir.1935). It is conceivable that the Debtor could meet the "indubitable equivalence" test either by providing to the Landlord, with this Court's approval (see 11 U.S.C. § 364(b) ), a security interest in American Express Company charge slips not yet credited to the Debtor's bank account, or by some other means.

The Ninth Circuit Court of Appeals has not limited this approach to prospective

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

- 5 -    **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

1  requests for excuse, but has sanctioned it on a retroactive basis as well.  *See In re Sw. Aircraft
2  Services, Inc.*, 831 F.2d 848, 854 (9th Cir. 1987) (rejecting the argument, in the context of a
3  proposed extension of the time in which to assume or reject the lease, that violation of the "prompt
4  performance" provisions should effect a forfeiture of the lease as "a draconian one that . . . would
5  serve to deprive the court of the ability to make fair and just evaluations of the circumstances. *We
6  believe that Congress intended the bankruptcy courts to have the discretion to consider all of the
7  particular facts and circumstances involved in each bankruptcy case and to decide whether the
8  consequence of a violation of subsection (d)(3) should be forfeiture of the unassumed lease, some
9  other penalty, or no penalty at all*.") (emphasis supplied).

10  Here, by contrast to the debtor in *J.J. Mellon's*, Renaissance will make its actual rental
11  payments accruing after the order for relief – and will do so within 60 days, and within the grace
12  periods permitted under the leases (and within 3 days of the October 3 deadline).

13  As to Pacific's claim for administrative "stub rent," the "timely perform[ance]" referenced
14  in the statute refers specifically – and only – to those obligations arising from and after the order for
15  relief."  Though the 9th Circuit has long recognized the administrative status of commercial lease
16  rental payments (*see Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.)*, 27 F.3d
17  401 (9th Cir. 1994) ("*Pacific-Atlantic*"), it is also the case that the Ninth Circuit expressly *declined*
18  to decide this issue where there was no dispute that there were enough funds to pay all
19  administrative claimants in full.  27 F.3d at 405.  Earlier appellate courts have concluded that there
20  is no super-priority under § 365(d)(3).  *See In re Orvco*, 95 B.R. 724, 728 (9th Cir. BAP 1989)
21  (overruled by *Pacific-Atlantic* on the issue of whether the landlord must prove the reasonableness of
22  its rent, but not as to timing of rental payments) ("In the absence of such [super-priority] language,
23  we hold that after rejection of the lease, the payment of an administrative claim for rent, like all
24  other administrative claims is within the sound discretion of the bankruptcy court and should be
25  determined under section 503.").  In *Orvco*, the court concluded that it would not award immediate
26  payment where the record indicated there may insufficient funds in the estate to pay all
27  administrative claimants in full. *Id.*  This approach is consistent with the general discretion left to
28

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

- 6 -    **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY
MOTION EXCUSING PERFORMANCE OF OBLIGATIONS
ARISING UNDER 11 U.S.C. § 365(d)(3)**

Bankruptcy Courts within the statute's parameters (see *See In re Sw. Aircraft Services, Inc.*, 831 F.2d 848, 854 (9th Cir. 1987)), and one followed by other Courts in this Circuit.

### IV. CONCLUSION

As described above, the facts of this case are sufficient "cause" for that relief. Therefore, the relief should be granted.

DATED: September 15, 2011                                  **SOUTH BAY LAW FIRM**

By: /S/ Michael D. Good
　　　　Michael D. Good
[Proposed] Counsel for Debtor and Debtor-in-Possession

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

**DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)**

## DECLARATION OF MICHAEL D. GOOD

I, MICHAEL D. GOOD, hereby declare:

1. I am an attorney, licensed to practice before this Court, and am proposed counsel for Renaissance Surgical Arts at Newport Harbor, LLC, debtor and debtor-in-possession in the above-referenced case ("Renaissance"). I submit this declaration in support of the "Debtor's Reply In Support Of Debtor's Emergency Motion Excusing Performance Of Obligations Arising Under 11 U.S.C. § 365(d)(3)." Each of the facts contained in this declaration are based on my personal knowledge and if called as witness, I could and would testify competently thereto.

2. Subsequent to the initial August 10, 2011 hearing date on Renaissance's initial emergency motion, and on August 12, 2011, I received a phone call from counsel for Pacific, in which counsel for Pacific outlined a stipulation providing for adequate protection payments under the timing outlined in Renaissance's initial proposed operating budget. At that time, I requested counsel forward a written copy of the Stipulation so I could review it. I received a draft of the proposed Stipulation late in the day on Friday, August 19, 2011 and, since the transmittal e-mail attaching it indicated that Pacific had not had opportunity to review the Stipulation (nor had my client), proposed a brief continuance of the briefing schedule and hearing on this matter originally set for August 25, 2011 so that counsel might confer prior to executing any Stipulation.

3. Renaissance has consistently communicated to creditors – including Pacific – its efforts to assess the validity of its cash collateral budget and its ability to perform thereunder. Accordingly, after I consulted with Renaissance and ascertained that two Medicare payments originally scheduled for the August budget had not arrived as anticipated, I communicated to counsel for Pacific Renaissance's likely inability to perform under the Stipulation originally proposed, along with Renaissance's intention to re-evaluate its outstanding receivables and provide a new cash collateral budget based thereon.

///

///

///

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

- 8 -    DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of September, 2011.

        /S/ Michael D. Good
            MICHAEL D. GOOD

South Bay Law Firm
21535 Hawthorne Blvd. Ste. 210
Torrance CA 90503

PRINTED ON
RECYCLED PAPER

| In re: Renaissance Surgical Arts at Newport Harbor, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:11-bk-19749-SC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21535 Hawthorne Blvd. Ste. 210, Torrance CA 90503

A true and correct copy of the foregoing document described **DEBTOR'S REPLY IN SUPPORT OF DEBTOR'S EMERGENCY MOTION EXCUSING PERFORMANCE OF OBLIGATIONS ARISING UNDER 11 U.S.C. § 365(d)(3)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 15, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Christopher L Blank    clblank@pacbell.net
- Steven Casselberry    scasselberry@mrllp.com, fbaig@mrllp.com;jjacobs@mrllp.com
- Caroline Djang    cdjang@rutan.com
- Mark S Faulkner    mfaulkner@mrllp.com, fbaig@mrllp.com;jjacobs@mrllp.com
- Eric J Fromme    efromme@rutan.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Michael D Good    mgood@southbaylawfirm.com
- Michael J Hauser    michael.hauser@usdoj.gov
- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- David M. Poitras    dpoitras@jmbm.com
- Thomas E Shuck    malvarado@pmcos.com, malvarado@pmcos.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- William J Wall    wwall@wall-law.com, goceguera@wall-law.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On September 15, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                                           **F 9013-3.1**

| | |
|---|---|
| In re: Renaissance Surgical Arts at Newport Harbor, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:11-bk-19749-SC |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 15, 2011 | Michael D. Good | /S/ Michael D. Good |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: Renaissance Surgical Arts at Newport Harbor, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:11-bk-19749-SC |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

**Secured Creditors**

| Creditor | Address | Method of Service |
|---|---|---|
| Phillips Medical Capital, Inc. | 1111 Old Eagle School Road<br>Wayne, PA 19087 | ☐ Fax<br>☐ Overnight<br>☒ US Mail |
| Stearns Bank, N.A. | 500 13th Street<br>Albany, MN 56307 | ☐ Fax<br>☐ Overnight<br>☒ US Mail |
| US Bancorp | PO Box 580337<br>Minneapolis, MN 55458-0337 | ☐ Fax<br>☐ Overnight<br>☒ US Mail |
| Alcon Laboratories, Inc. | 6201 S. Freeway<br>Fort Worth, TX 76134 | ☐ Fax<br>☐ Overnight<br>☒ US Mail |
| Cardinal Health | 7000 Cardinal Place<br>Dublin, OH 43017 USA<br>Attn: Jennifer Touve | ☐ Fax<br>☐ Overnight<br>☒ US Mail |

| In re: Renaissance Surgical Arts at Newport Harbor, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:11-bk-19749-SC |

### Committee of Unsecured Creditors

| Creditor | Address | Method of Service |
|---|---|---|
| Control Air Conditioning Corporation | c/o Jeffrey D. Hook, Esq.<br>Salamirad Morrow P.C.<br>19200 Von Karman Avenue, Suite 400<br>Irvine, CA 92612 | ☐Fax<br>☐Overnight<br>☒US Mail |
| ProVation Medical, Inc. | Mark Zimmerman<br>800 Washington Ave. North<br>Suite 400<br>Minneapolis, MN 55401 | ☐Fax<br>☐Overnight<br>☒US Mail |
| Dr. Dan Tran | c/o Christopher L. Blank, Esq.<br>4675 MacArthur Court<br>Suite 550<br>Newport Beach, CA 92660 | ☐Fax<br>☐Overnight<br>☒US Mail |
| William E. Broza | 30872 Calle Moraga<br>Laguna Niguel, CA 92677 | ☐Fax<br>☐Overnight<br>☒US Mail |
| Anthony C. Pings & Associates | Anthony C. Pings<br>6121 N. Thesta<br>Suite 301<br>Fresno, CA 93710 | ☐Fax<br>☐Overnight<br>☒US Mail |

### Parties in Interest and Parties Requesting Special Notice

| Creditor | Address | Method of Service |
|---|---|---|
| Ali Salamirad | Salamirad Morrow P.C.<br>19200 Von Karman Ave Ste 400<br>Irvine, CA 92612 | ☐Fax<br>☐Overnight<br>☒US Mail |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**